**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re:<br>        Phien Dinh Le,<br>                *Debtor* | Case No.: 26-30324 (AMN)<br>Chapter 7 |
| US Bank Trust Company, National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust,<br>                *Movant*<br>v.<br><br>Phien Dinh Le,<br><br>                *Respondent* | <br><br><br><br><br><br><br>Re: ECF No. 16 |

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING *IN REM* RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)**

On April 27, 2026, creditor US Bank Trust Company, National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("US Bank") filed a motion seeking relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1), (2), and seeking an *in rem* order regarding real property pursuant to 11 U.S.C. § 362(d)(4). ECF No. 16 (the "Motion"). US Bank holds a note and mortgage on real property owned by Phien Dinh Le (the "Debtor") at 47 North Mead Farm Road, Seymour, Connecticut (the "Property"). US Bank is also a plaintiff in a 2019 foreclosure action against the Debtor and obtained a judgment of strict foreclosure on the property on September 30, 2022. *See Specialized Loan Servicing LLC v. Phien Dinh Le, a/k/a Phien Le et al.*, Connecticut Superior Court Case No. AAN-CV19-6033998-S (the "Foreclosure Case"), at Docket No. 151.

<u>Background</u>

The Debtor commenced his third bankruptcy case by filing a voluntary Chapter 7 bankruptcy petition on April 10, 2026 (the "Petition Date") (Case No. 26-30324, the "2026 Case").  ECF No. 1.  The Debtor filed two Chapter 13 cases before this Chapter 7 case.  First, he was a debtor in Case No. 23-30260 (the "2023 Case") that commenced in April 2023 and dismissed in September 2023.  Second, he was a debtor in Case No. 25-30765 (the "2025 Case") that commenced in August 2025 and dismissed in December 2025.

Because the 2025 Case was pending within one year before the Petition Date for this 2026 Case, the automatic stay provided by 11 U.S.C. § 362(a) was set to expire on the 30th day after the Petition Date of the 2026 Case.  11 U.S.C. § 362(c)(3)(A).  Although the Debtor moved to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B), which the Court granted on a temporary basis, he later withdrew the motion and there is presently no stay in place.  *See* ECF Nos. 17, 21, 25.

US Bank seeks relief from stay pursuant to Bankruptcy Code §§ 362(d)(1) and (2), however that portion of its Motion is moot because of the expiration of the stay in this 2026 Case.  This Memorandum of Decision addresses the request for *in rem* relief under Bankruptcy Code § 362(d)(4).

<u>Standing</u>

US Bank has standing to seek relief from the automatic stay set forth in 11 U.S.C. § 362(a).  The Motion includes a declaration stating US Bank possesses the original note, and a copy of the note.  ECF No. 16, pp. 14, 15, 39.  The judgment of foreclosure entered in the Foreclosure Case constitutes the Superior Court's determination that US

Bank has standing to enforce the note and mortgage.  Under the *Rooker-Feldman* Doctrine, this Court may not sit in appellate review of state court judgments and therefore must respect the state court's determination of US Bank's standing in this matter.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also In re Lee*, 25-30738 (AMN), 2025 Bankr. LEXIS 3267, 2025 WL 4090483, at *4 (Bankr. D. Conn. 2025).

11 U.S.C. § 362(d)(4) – <em>In rem</em> Relief from Stay

Section 362(d)(4) allows Bankruptcy Courts to grant *in rem* relief, preventing the imposition of the automatic stay relating to real property in future bankruptcy filings by any owner of the real property for a two-year period.  To obtain this extraordinary relief, a movant must show the bankruptcy petition was filed as part of a scheme to "delay, hinder, and defraud creditors" involving multiple bankruptcy filings affecting real property.  *In re Lee*, 2025 Bankr. LEXIS 3267 at *6.  Courts may infer intent to delay, hinder, or defraud creditors from the existence of serial filings alone, and may recognize that multiple filings on the eve of successive foreclosure dates or lack of effort in the bankruptcy proceedings as strong evidence of such intent.  *In re Wallace*, 676 B.R. 298, 308 (Bankr. S.D.N.Y. 2026); *In re Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014) (internal citations omitted).  Courts may take judicial notice of filings on its own docket and those in other cases.  Fed.R.Evid. 201; *In re Lee*, 2025 Bankr. LEXIS 3267 at *6 (internal citations omitted).

Here, the Debtor has filed three bankruptcy petitions in the past three years, each on the eve of his foreclosure law day.  The Foreclosure Case docket reflects the Debtor filed the 2023 Case eight days before a scheduled law day, and filed the 2025

Case and the 2026 Case four days prior to each rescheduled law day. *See* Foreclosure Case, Docket Nos. 161, 185, 199. The 2023 Case and 2025 Case were each dismissed due to the Debtor's failure to provide the Chapter 13 Trustee with required documents, make pre-confirmation plan payments, or confirm a Chapter 13 Plan. The Debtor's lack of follow-through in those Chapter 13 cases—for which no explanation or context was offered by the Debtor—demonstrate a lack of meaningful participation in the bankruptcy process. *See* Case No. 23-30260, ECF No. 27; Case No. 25-30765, ECF No. 17; *see also New Rez LLC v. Consiglio (In re Consiglio)*, 25-30966 (AMN), 2026 Bankr. LEXIS 1090, 2026 WL 1174844, at 5-7 (Bankr. D. Conn. 2026) (holding that a debtor's failure to meaningfully participate in multiple bankruptcy filings supported granting *in rem* relief). Importantly, the Debtor did not respond or object to US Bank's Motion here.

Conclusion

Based on this record, and in the absence of any opposition or explanation from the Debtor, the Court concludes that the Debtor filed the 2026 Case as part of a scheme to delay, hinder, and defraud creditors involving multiple bankruptcy filings affecting real property, within the meaning of 11 U.S.C. § 362(d)(4).

Accordingly, it is hereby

**ORDERED**: The Motion for Relief from Stay filed as ECF No. 14 is GRANTED IN PART, pursuant to 11 U.S.C. § 362(d)(4), only. The Clerk will enter a separate order that may be recorded on the land records.

Dated this 17th day of June, 2026, at New Haven, Connecticut.



*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut